**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHASITY LYNN MILLER, an adult individual, MIGUEL A. PEDROSA, an individual, | ) ) No. 2:21-cv-1441 ) ) |
| Plaintiffs, | ) Judge Robert J. Colville ) |
| vs. | ) ) |
| JACOB ROBERTS, individually, MICHAEL CARCELLA, individually, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is the Motion for Partial Summary Judgment (ECF No. 51) filed by Defendants Jacob Roberts ("Defendant Roberts") and Michael Carcella ("Defendant Carcella," and, together with Defendant Roberts, "Defendants"), who are police officers with the Pennsylvania State Police ("PSP"), seeking summary judgment on four counts set forth in Plaintiffs' Complaint (ECF No. 1). Parties have previously stipulated (ECF No. 55) to the voluntary dismissal with prejudice of eight of the fourteen claims brought by Plaintiffs Chasity Lynn Miller ("Plaintiff Miller") and Miguel Pedrosa ("Plaintiff Pedrosa," and, together with Plaintiff Miller, "Plaintiffs"). Defendants are not seeking summary judgment respecting two of the remaining six counts. The Court has jurisdiction to rule on this matter under 28 U.S.C. § 1331. The Motion has been fully briefed and is ripe for disposition.

## I.    Factual Background & Procedural History

Unless otherwise noted, the following facts are not in dispute:

1

On March 22, 2022, Plaintiffs, who are domestic partners, were engaged in a dispute with their neighbors, the Holmes family.  ECF No. 53 ¶ 2; 60 ¶ 2.  As a result of the dispute, one of the Holmeses called the police on Plaintiffs, and Defendant Roberts and Defendant Carcella were dispatched to the Holmes residence.  ECF No. 53 ¶ 3; 60 ¶ 3.  Upon their arrival at the scene, Defendant Carcella went to speak to the Holmes family.  ECF No. 53 ¶ 4; 60 ¶ 4.  Plaintiffs had apparently returned home by then, because the factual record shows that during Defendant Carcella's conversation with the Holmses, Plaintiff Pedrosa came out of Plaintiff Miller's house.  ECF No. 53 ¶ 5; 60 ¶ 5.  Defendants approached him and ordered him to remove any weapons from his person, and he complied, putting several knives on the ground.  ECF No. 53 ¶ 5–9; 60 ¶ 5–9.  While Defendants were approaching and talking to Plaintiff Pedrosa, he raised his middle finger toward the Holmses.  ECF No. 53 ¶ 10–11; 60 ¶ 10–11.

At this point, Defendants began arresting Pedrosa.  ECF No. 53 ¶ 12; 60 ¶ 12.  At one point during the arrest, Defendant Carcella struck Plaintiff Pedrosa, prompting Plaintiff Miller to walk toward Defendants.  ECF No. 53 ¶ 15–16; 60 ¶ 15–16.  There is a dispute in the factual record as to whether Plaintiff Miller shouted at the officers or merely inquired about why Plaintiff Pedrosa was being arrested.  ECF No. 53 ¶ 16; 60 ¶ 16.  Defendants ordered Plaintiff Miller to step back.  ECF No. 53 ¶ 18; 60 ¶ 18.  As Plaintiff Miller approached the officers (although she never got especially close to them), Defendant Roberts drew his TASER and pointed it at Plaintiff Miller.  ECF No. 53 ¶ 19; 60 ¶ 19.  There is a dispute over whether at this moment Plaintiff Pedrosa was within the officers' control yet.  *Id*.

After securing Plaintiff Pedrosa, Defendant Roberts returned to the Miller residence.  ECF No. 53 ¶ 21; 60 ¶ 21.  There is a dispute as to whether Plaintiff Miller resisted, but Defendant Roberts eventually took her into custody.  ECF No. 53 ¶ 22; 60 ¶ 22.  Defendant Roberts testified

that Plaintiffs were slurring their speech, smelled of alcohol, and had glassy eyes, which, based on his experience, were indications of intoxication.  ECF No. 53 ¶ 25–26.  Defendant Roberts also testified that Plaintiffs made comments about drinking that day.  ECF No. 53 ¶ 24.  In their depositions, Plaintiffs deny that they had been drinking.  ECF No. 60 ¶ 24.

Plaintiff Miller was charged with Obstructing Administration of Law, Resisting Arrest, Disorderly Conduct, and Public Drunkenness.  The District Attorney's Office entered a *nolle prosequi* on her charges.  Plaintiff Pedrosa was charged with Resisting Arrest, Disorderly Conduct, and Public Drunkenness, and pled guilty to Disorderly Conduct.  ECF No. 1 ¶ 38–39.

On October 10, 2021, Plaintiffs filed a Complaint against Defendants, charging fourteen claims, of which the six remaining counts are: I and X - § 1983 Excessive Force under the Fourth Amendment to the U.S. Constitution, III - False Arrest, IV - False Imprisonment, VI - Malicious Prosecution, and XIV - § 1983 and § 1988 violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.  On January 19, 2022, following a case management conference, the Court ordered a discovery schedule, and the parties subsequently conducted discovery, including depositions and exchange of documents (ECF Nos. 17–19).  On April 1, 2022, the parties engaged in an Early Neutral Evaluation session, which did not resolve the matter (ECF No. 21).  On December 13, 2024, the parties submitted a joint Stipulation of Dismissal (ECF No. 55) respecting eight (8) of the claims in the Complaint.  Also on December 13, 2024, Defendants filed a Motion for Summary Judgment, along with a Brief in Support (ECF No. 52) and a Concise Statement of Material Facts (ECF No. 53), arguing that Defendants are entitled to judgment as a matter of law as to four of the remaining six counts.  On January 21, 2025, Plaintiffs filed a Response to the Motion for Summary Judgment (ECF No. 59) and a Response to Defendants' Concise Statement of Material Facts (ECF No. 60).

## II.    Legal Standard

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

"The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact." *Bavone v. Primal Vantage Co., Inc.*, No. 2:21cv1260, 2024 WL 756815, at *1 (W.D. Pa. Feb. 21, 2024). When the moving party carries their burden, the summary judgment "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Further:

> A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Rather, the non-moving party must offer specific evidence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial. See id. If the non-moving party does not respond in this manner, the court, when appropriate, shall grant summary judgment. Fed.R.Civ.P. 56(e).

*Mahaven v. Pulaski Twp.*, 139 F. Supp. 2d 663, 664–65 (W.D. Pa. 2001), *aff'd*, 45 F. App'x 155 (3d Cir. 2002); *see also Bavone*, 2024 WL 756815, at *1 ("Likewise, mere conjecture or speculation by the party resisting summary judgment will not provide a basis upon which to deny the motion.").

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

## III.     Discussion

Defendants move for summary judgment as to Count III - False Arrest, Count IV - False Imprisonment, Count VI - Malicious Prosecution, and Count XIV - § 1983 and § 1988 violations of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Plaintiffs do not oppose Defendants' Motion as to Counts VI and XIV. Accordingly, the Court will now consider the Motion as to just Counts III and IV, which are claims on behalf of Plaintiff Miller only.

Plaintiff Miller brings § 1983 claims for False Arrest and False Imprisonment under the Fourth Amendment to the United States Constitution. Defendants argue that they are entitled to summary judgment because Plaintiff has fails to establish that Defendants lacked probable cause to arrest her. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." U.S. CONST. AMEND. IV. The false arrest claim against police, that is, the cause of action against police officers for arresting a plaintiff without probable cause, emerges from this right against

unreasonable seizures. *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000) ("The Fourth Amendment prohibits arrest without probable cause.") (citing *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). "[F]alse arrest and false imprisonment are essentially the same claim," and courts typically analyze them together. *Moffitt v. Britton*, No. 3:21-CV-109, 2023 WL 1863314, at *6 (W.D. Pa. Feb. 9, 2023) (quoting *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 593 (M.D. Pa. 2008)) (internal quotation marks omitted). "[C]ases involving false arrest claims against police officers turn on the existence or nonexistence of probable cause." *Id.* (quoting *Kokinda*, 557 F. Supp. 2d at 593) (internal quotation marks omitted). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti*, 71 F.3d at 482) (internal quotation marks omitted).

In determining whether there was probable cause, courts must consider "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231 (1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)) (internal quotation marks omitted). Further, this standard is assessed based on "the facts available to the officers at the moment of arrest." *Barna*, 42 F.3d at 819 (quoting *Beck v. Ohio*, 379 U.S. 89, 96 (1964). The Supreme Court has advised that courts should take a "totality-of-the-circumstances approach." *Id.* at 230–31.

At summary judgment, a court may find "that probable cause did exist as a matter of law if the evidence, viewed most favorably to [the non-moving party], reasonably would not support a contrary factual finding." *Id.* If the court determines that a reasonable jury could conclude that the facts at the time of the arrest demonstrated a fair probability that a crime occurred, then it will

grant summary judgment for the officer. *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468 (3d Cir. 2016). The burden is on the plaintiff to make the case that officers lacked probable cause, and "[i]f [the plaintiff] failed to set forth factual allegations sufficient to support a reasonable inference that a defendant acted without probable cause, all Fourth Amendment claims with respect to those actions against that defendant must fail." *Spiker v. Allegheny Cnty. Bd. of Prob. & Parole*, 920 F. Supp. 2d 580, 594 (W.D. Pa. 2013), *aff'd sub nom. Spiker v. Whittaker*, 553 F. App'x 275 (3d Cir. 2014).

If the Court determines that a fair jury could conclude that Defendants had probable cause to arrest Plaintiff Miller for any of the charges brought against her, the Court will grant summary judgment as to both the False Arrest and False Imprisonment claims. *See Wright v. City of Phila.*, 409 F.3d 595, 604 (3d Cir. 2005*), abrogated on other grounds*, *Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024). While the factual record is sufficiently established to allow the Court to conduct a full analysis of all the charges against Plaintiff Miller, the Court need not do so, because it is quite apparent from the record that Defendants had probable cause to believe Plaintiff Miller had violated Pennsylvania Consolidates Statutes § 5505 - Public Drunkenness. Under the statute, someone has committed public drunkenness "if he appears in any public place manifestly under the influence of alcohol or a controlled substance . . . to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." 18 Pa.C.S. § 5505. Defendants were dispatched to respond to a call respecting a disturbance at the Holmes residence involving Plaintiff Miller. When Defendant Roberts interacted with Plaintiff Miller, he smelled alcohol on her, witnessed her slurring her speech, and observed her glossy eyes. *See Dellenbaugh v. Gobrecht*, No. 2:18-CV-01108-CRE, 2020 WL 5526655, at *6 (W.D. Pa. Sept. 15, 2020) (granting the defendant's motion for summary judgment on a false arrest claim based on the police officer's

observations of conventional indicators of intoxication, such as odor and bloodshot eyes); *see also Brown v. Perugino*, No. 1:22-CV-01400, 2023 WL 4306761, at \*10 (M.D. Pa. June 30, 2023), *aff'd*, No. 23-2303, 2024 WL 3935204 (3d Cir. Aug. 26, 2024).   Given this, Defendants had good reason to believe that Plaintiff Miller's interactions with her neighbors were an instance of public drunkenness, and the arrest for public drunkenness was conducted with probable cause.  *See Hunter v. Weber*, No. 1:22-CV-00068-SPB, 2024 WL 4479822 (W.D. Pa. Aug. 14, 2024), *report and recommendation adopted*, No. CV 22-68, 2024 WL 4023279 (W.D. Pa. Sept. 3, 2024), *reconsideration denied*, No. 1:22-CV-68, 2025 WL 1644162 (W.D. Pa. June 10, 2025) (finding that information learned from the police dispatcher about a subject's behavior, combined with observed indications of intoxication, can justify probable cause for public drunkenness).

Plaintiff Miller has not provided a responsive correspondingly compelling reason to think Defendants acted without probable cause.  She cannot defeat the Motion by resting "upon mere denial," in *Lujan* parlance, that she was intoxicated.  *Lujan*, 497 U.S. at 884 (quoting Fed.R.Civ.P. 56(e)).  Instead, to establish a genuine issue of material fact, Plaintiff must provide evidence to dispute Defendants' claims about what they observed to establish probable cause.  *See Mahaven*, 139 F. Supp. at 664–65.

The Court finds that Plaintiff Miller has failed to establish the inference that Defendants acted without probable cause when arresting and charging her with public drunkenness. Accordingly, the Court will grant Defendants' Motion for Summary Judgment as to Count III - False Arrest and Count IV - False Imprisonment.

**Conclusion**

For the reasons discussed above, as to Counts III and IV, the Court will grant Defendants' Motion for Summary Judgment.  Plaintiff Miller does not contest that summary judgment is proper

as to Count VI, and so the Court will Grant Defendants' Motion for Summary Judgment as to Count VI. Plaintiff Pedrosa does not contest that summary judgment is proper as to his claims for false arrest and malicious prosecution alleged in Count XIV, and so the Court will grant Defendants' Motion for Summary Judgment as to Count XIV. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 31, 2026

cc: All counsel of record